Honorable O. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:  Opinion No. O-3972

> Re: Should inmate William Holcomb
> be given credit for the time
> he spent out of the penitentiary
> on the general parole granted
> him by Governor's Proclamation
> No. 29768, dated December 11,
> 1936.

This will acknowledge receipt of your request for our opinion on the hereinabove captioned question. We quote from your letter as follows:

"The above inmate was sentenced to 7 years in the penitentiary on June 22, 1935. On September 15, 1936 he was granted a 90 day furlough by Governor Allred and on December 11, 1936 he was granted a General Parole.

"On January 27, 1941 his General Parole was revoked by Governor O'Daniel and he was returned to the penitentiary on March 6, 1941 as a General Parole violator.

"In accordance with a recent ruling from your department Conditional Pardon violators are not entitled to receive credit for the time served while out on conditional pardons. However, this inmate contends he received his General Parole under the old parole law, which credited time out on parole or conditional pardon as time served;

and it was before the constitutional amendment voided the laws under which he was released.

"In view of the above, I would like to know whether this inmate should be given credit for the time he served while out on a General Parole."

The Texas statutory parole system, embodied in Article 6203 of Vernon's Annotated Civil Statutes and Articles 959-967 of Vernon's Annotated Code of Criminal Procedure, was in existence when said inmate was sentenced on June 22, 1935.

Section 6 of Article 6203, supra, provides who may be paroled under said Act. Said Section 6 reads as follows:

"Sec. 6. Every person sentenced to an indeterminate sentence and now confined in the penitentiary, or hereafter sentenced thereto on an indeterminate sentence, who has never before been imprisoned in a State Penitentiary in this or any other state or nation, when he shall have served a period of time equal to the minimum sentence imposed upon him for the crime, or crimes, of which he was convicted, shall be deemed eligible for parole under the provision of this Act. In addition, every person now confined in the penitentiary on a definite sentence, or who shall hereafter be sentenced thereto for a definite term and who has never before been imprisoned in a State Penitentiary in this or any other state or nation, shall be deemed eligible for a parole when he shall have served one-third of the term, or terms, for which he was sentenced. But in neither of the foregoing cases shall such person be recommended for release on parole under the terms of this Act until he shall have served such minimum period of time." (Underscoring ours)

Inasmuch as the facts submitted by you do not contain all of the details of said inmate's record necessary to render our opinion on the question presented by you, we obtained his record from the Board of Pardons and Paroles.

Honorable O. J. S. Ellingson, Page 3

From such records, it appears that at the time he was granted a general parole on December 11, 1936, said inmate had not served as much as one-third of his definite term, or terms, of seven years in the penitentiary as required by Section 6, supra. He was, therefore, not eligible to receive the benefits of the statutory parole law.

It is, therefore, the opinion of this department, under the facts stated, that the general parole granted said inmate was not a statutory parole and that his status at the present time must be determined independently of such parole statutes.

The statutory parole law, however, does not infringe or encroach on the pardoning power conferred upon the Governor by the Constitution. It is well settled that the Governor may grant paroles under the pardoning power conferred on him by the Constitution. 20 R.C.L. 577; Ex parte Nelson (Tex. Crim. App.) 209 S. W. 148. However, since the adoption of the constitutional amendment on November 3, 1936 (Sec. 11, Art. 4), which became effective on February 1, 1937, the Governor can exercise the pardoning power only on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof.

In its essential characteristics, a "parole," given by the Governor under the pardoning power conferred on him by the Constitution, cannot be distinguished from a "conditional pardon." Each constitutes the release of a convict upon fixed conditions before the expiration of his term of imprisonment. Ex parte Nelson (Tex. Crim. App.) 209 S. W. 148; Ex parte Peterson (Calif.) 92 P. (2d) 890; State v. Murphy (Mo.) 133 S. W. (2d) 398.

That the general parole granted in the instant case to the inmate, William Holcomb, is in the nature of a conditional pardon is apparent from the wording of said general parole granted by the Governor's Proclamation No. 29768 on December 11, 1936, from which we quote as follows:

"NOW, THEREFORE, I JAMES V. ALLRED, Governor of the State of Texas, by virtue of the authority vested in me under the Constitution and laws of this State, upon the recommendations hereinabove cited and for the reasons herein set out and now on file in the office of the Secretary of State, do hereby grant unto the said

WILLIAM HOLCOMB

a

GENERAL PAROLE

conditioned upon his conducting himself in all things in an exemplary manner; and conditioned further that he is hereby paroled to Mr. E. B. Prince, of Waxahachie, Texas, to whom he will be held accountable for his actions and to whom he shall report at such times and places as the said Mr. Prince shall require. If he is guilty at any time of any misconduct or violation of the law, or for any other reason the Governor may deem sufficient (including any facts not known to the Governor at the time of this clemency), this general parole is subject to revocation at the Governor's discretion, with or without hearing, as the Governor may determine, and the said William Holcomb may be, by order of the Governor, returned to and confined in the penitentiary until the end of his sentence."

On January 27, 1941, said general parole was revoked by the Governor on the grounds, as shown therein, that said parolee had, during 1940, violated some of the conditions under which the general parole was granted. Said revocation, being Proclamation No. 2274, provides, in part, as follows:

"NOW, THEREFORE, I, W. LEE O'DANIEL, Governor of the State of Texas, by virtue of the authority vested in me under the Constitution and laws of this State, upon the recommendations hereinabove cited and for the reasons herein set out and now on file in the office of the Secretary of State, do hereby

REVOKE

the said General Parole Granted the said WILLIAM HOLCOMB, under date of December 11, 1936, by Proclamation No. 29768, subject to the right of the Governor to set aside this revocation at any time for any cause which the Governor may deem adequate. The prison authorities are hereby directed to take him in charge and return him to the penitentiary to serve the remainder of his sentence."

In the case of Argon vs. State, (Tex. Crim. App.) 58 S. W. (2d) 108, decided in 1933, the appellant was given a general parole by the proclamation of the Governor on May 12, 1931. We quote from the opinion in said case as follows:

"In the present appeal, no full pardon was granted, but merely a parole carrying with it certain conditions, as follows: 'Now, therefore, I, R.S. Sterling * * * do hereby grant unto the said A.G. Orbregon a general parole conditioned upon his good and lawful behavior. It is provided that he shall keep employed and be of actual assistance to his mother.'

"A general parole does not possess the finality which is attached to a pardon. A parole is a release of a convict from imprisonment, on specified conditions to be observed by him, and a suspension of his sentence during the liberty thus granted. See Ex parte Ridley, 3 Okl. Cr. 350, 106 P. 549, 551, 26 L. R. A. (N. S. ) 110. See, also, 5 Words and Phrases, Third Series, 817; Ex parte Mason, 29 Okl. Cr. 297, 233 P. 785; In re Eddinger, 236 Mich. 668, 211 N. W. 54. Numerous other cases are cited in the volume of Words & Phrases mentioned above." (Underscoring ours).

It appears, therefore, that Texas is in line with the rule prevailing in most jurisdictions that, on the violation of the condition of a parole, as in the case of the violation of a condition in a pardon, the prisoner is remitted to serve the unexpired portion of his sentence, and the period during which he was out on parole is not deemed a part of the sentence served. See 20 R. C. L. 579.

You are, therefore, respectfully advised that it is the opinion of this department, under the facts stated herein, that the inmate, William Holcomb, should not be given credit for the time he was out of the penitentiary on the general parole mentioned herein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

OCT 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Edgar Pfeil
Assistant

EP:RS

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN